Tony J. BOVA, Appellant–Plaintiff–
Cross–Appellee,

v.

J.H. ROIG, M.D. and J.H. Roig, M.D.,
Inc., Appellees–Defendants–
Cross–Appellants,

and

John J. Dillon, III, as Commissioner of
the Indiana Department of Insurance
and Administrator of the Patient's
Compensation Fund, Appellee–Defen-
dant–Intervenor.

No. 56A03–9110–CV–313 [1].

Court of Appeals of Indiana,
First District.

Filed Dec. 7, 1992.

Timothy S. Schafer, Schafer and Schafer
P.C., Merrillville, for appellant.

David C. Jensen, Douglas B. Stebbins,
Eichhorn, Eichhorn & Link, Hammond,
Catherine A. Kling, Indiana Dept. of Ins.,
Indianapolis, for appellees.

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

Tony J. Bova ("Bova") appeals challeng-
ing both the reduction of the jury's award
of damages to $500,000 and the constitu-
tionality of the cap on recoveries in the
Indiana Medical Malpractice Act ("Act") [2].
We affirm.

## ISSUES

1. Did the trial court err as a matter of
law in reducing the jury verdict of $772,800
to $500,000 finding only one occurrence of
medical malpractice?

2. Is the Act's $500,000 limitation on
recoveries unconstitutional?

## FACTS

In early 1981, the vision in Bova's left
eye began to deteriorate. On September

1. This case was transferred to this office by
order of the Chief Judge on May 11, 1992.

2. IND.CODE 16–9.5–1–1 *et seq.*

10, 1981, Bova underwent surgery for the removal of a cataract of the left eye and the insertion of a lens implant. Dr. Jose Roig ("Roig") removed the cataract, performed an iridectomy,[3] and inserted an interocular lens implant. A single, rather than the standard practice double, iridectomy was performed. The purpose of a double iridectomy is to prevent pupillary block glaucoma should the implanted lens shift. Following surgery, Roig failed to conduct visual exams and pressure readings, and delayed in diagnosing Bova's condition.

On September 18, 1981, Bova was referred to Dr. Carmody. Dr. Carmody diagnosed Bova as having iritis, an inflammation of the iris which can result in pupillary block glaucoma. Bova was referred to Drs. Lopez and Korey for further evaluation. They diagnosed Bova as having possible pupillary block glaucoma and another laser iridectomy was performed on Bova's eye on October 6 and 10, 1981. Bova continued to see Roig as his doctor until February 19, 1983. Bova developed an ulcer of the eye and was referred by Dr. Carmody to Dr. Miller at the University of Chicago hospital. Bova was treated for his ulcer. Thereafter, Bova was re-hospitalized and Miller removed the lens implant, because Roig improperly performed the surgery. Bova suffered damage to his optic nerve and lost the sight in his left eye.

Bova filed a proposed complaint for medical malpractice against Roig with the Department of Insurance. A medical review panel was appointed and rendered its opinion on June 5, 1989. On July 5, 1989, Bova commenced his civil action against Roig, alleging that Roig negligently performed the surgery and was negligent in his postoperative care resulting in permanent loss of vision in Bova's left eye. Record at 8–9. On December 11, 1990, Roig filed a motion for summary judgment alleging that Bova's claim was barred by the statute of limitations and the absence of any expert testimony to support Bova's claim. The trial court heard oral arguments on the motion, but reserved ruling until the first

day of trial. On May 13, 1991, the trial court denied the motion. A trial was held and the jury entered a verdict against Roig and awarded Bova damages in the amount of $772,800. Roig orally moved for a remittitur asking the court to reduce the award to the statutory maximum of $500,-000. A hearing was held on June 28, 1991, and the trial court ruled that the jury verdict would be reduced in accordance with the limitations on recovery contained in the Act. Bova appealed from the trial court's reduction of the jury's award of damages. Roig cross-appealed. On August 28, 1992, we granted Roig's request for a stay, suspended consideration of this appeal, and remanded the case to the Newton Superior Court for its consideration and ruling on the insurance commissioner's petition to prevent Bova and Roig's settlement agreement which would dismiss Roig's cross-appeal. Thereafter, the Newton Superior Court entered an order stating that the insurance commissioner withdrew his petition. On November 4, 1992, a joint stipulation of dismissal of the cross-appeal was filed with this court. We now address Bova's appeal.

## DISCUSSION AND DECISION

### Issue One

Bova argues that the trial court erred as a matter of law when it reduced the jury verdict of $772,800 to the $500,000 cap as provided under the Act. Bova asserts that two separate and distinct occurrences of malpractice were established, and therefore, the verdict was within the limit of the Act. Bova alleges that the first act of malpractice occurred during the surgery of September 10, 1981 and the second act of malpractice occurred during the postoperative period.

IND.CODE § 16–9.5–2–2 specifically provides:

"(a) The total amount recoverable for any *injury or death* of a patient may not exceed five hundred thousand dollars ($500,000) except, that as to an act of

---

3. An iridectomy is the making of a hole in the iris by laser, thereby relieving the build-up of intraocular pressure. The purpose of an iridectomy is to prevent future pupillary blocks.

malpractice that occurs on or after January 1, 1990, the total amount recovered for any injury or death may not exceed seven hundred fifty thousand dollars ($750,000).

(b) A health care provider qualified under this article is not liable for an amount in excess of one hundred thousand dollars ($100,000) for an occurrence of malpractice."

I.C. § 16–9.5–2–2 (emphasis added). In interpreting statutes, our primary objective is to ascertain and give effect to the intent of the legislature. *St. Anthony Medical Center, Inc. v. Smith* (1992), Ind.App., 592 N.E.2d 732, 739, *trans. denied.* Where the intent is clearly expressed by the language of the legislation, we may not construe the statute to mean something other than what it plainly states on its face. *Id.* Even if we were to assume *arguendo* that the jury found two separate acts of medical malpractice, the Act's limitations still allow Bova to recover only $500,000, and only $100,000 against Roig, specifically. The Act allows a recovery of $500,000 for "any injury or death." I.C. § 16–9.5–2–2(a). Bova suffered a single injury, blindness in his left eye. Hence, he is entitled to recover only once. *See id.*

In addition, Bova contends that Roig is liable for $200,000 of the award, rather than $100,000. We disagree. I.C. § 16–9.5–2–2(b)'s limitation on an individual health care provider's liability to $100,000 "for an occurrence of malpractice" should be read in conjunction with subsection (a)'s limitation on the total amount recoverable "for any injury or death." *St. Anthony Medical Center*, 592 N.E.2d at 739; *see Keskin v. Munster Medical Research Foundation* (1991), Ind.App., 580 N.E.2d 354, 358 (where several sections of a statute refer to the same subject matter, they are to be interpreted in *pari materia* and construed together). Interpreting "occurrence" to be a less comprehensive term than "injury or death" would be inconsistent with the intent of the Act. Moreover, Bova's claim that Roig has waived the statutory cap on damages by filing a motion *in limine* restricting reference to the $500,-000 is meritless.

*Issue Two*

Bova also challenges the constitutionality of the Act and specifically, the $500,000 limitation on recoveries created under I.C. § 16–9.5–2–2. He contends that the Act violates the due process clauses of the United States and the State of Indiana Constitutions; violates the right to a jury trial; creates an improper irrebuttable presumption; violates the Equal Protection and special legislation clauses; and, denies the right of access to the courts and the constitutional rights to a full and complete remedy. We have recently addressed Bova's contentions and concluded that we were bound by our supreme court's decision in *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 381–93, 404 N.E.2d 585, 591–602, that the Act is constitutional. *See St. Anthony Medical Center*, 592 N.E.2d at 738–39. Likewise, we must reach the same decision here: the Act is constitutional. Thus, Bova shows no error.

Affirmed.

BAKER and GARRARD, JJ., concur.