Nicholas Drew MILLER, a Minor by his next of Friends and Parents, Michael MILLER and Gail Miller, and Michael Miller and Gail Miller, Individually, Appellants–Plaintiffs,

v.

MEMORIAL HOSPITAL OF SOUTH BEND, INC., Appellee–Defendant.

No. 75A03–9405–CV–179.

Court of Appeals of Indiana, Third District.

Dec. 29, 1994.

Rehearing Denied March 1, 1995.

Barry D. Rooth, Theodoros, Theodoros & Rooth, P.C., Merrillville, Steve Langer, Langer & Langer, Valparaiso, for appellants.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellee.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs Nicholas Drew Miller, a minor by his next of friends and parents, Michael Miller and Gail Miller, and Michael Miller and Gail Miller, individually (collectively referred to as "Miller") appeal the trial court's decision awarding summary judgment in favor of Memorial Hospital of South Bend, Inc. ("MHSB") in a medical malpractice action.

The facts relevant to this appeal disclose that on March 2, 1984, Miller filed a proposed complaint against Herbert Schiller, M.D., and MHSB. Miller alleged that the negligence of MHSB by and through its agents and of Dr. Schiller caused injury during the prenatal period to Nicholas Drew Miller, born on June 7, 1982. Miller also alleged that as a direct result of the negligence of MHSB and Dr. Schiller, Miller suffered and will continue to suffer "permanent injuries, great permanent mental and physical pain and suffering, medical expenses, permanent embarrassment, disfigurement, and impairment of earning capacity." The Medical Review Panel was appointed and rendered its opinion on January 5, 1990. The panel concluded that the evidence did not support the conclusion that MHSB had failed to meet the applicable standard of care, and although Dr. Schiller failed to comply with the appropriate standard of care, the conduct complained of was not a factor of the resultant damages.

On April 20, 1990, Miller commenced his civil action which was venued to the Starke Circuit Court. Thereafter, Miller entered into a settlement agreement with Dr. Schiller, whereby Dr. Schiller agreed to pay Miller $100,000.00 on a structured basis in return for Miller's dismissal of Dr. Schiller from the case. Miller also filed a petition with the State of Indiana, Department of Insurance, for demand in excess of the settlement. Subsequently, the Department of Insurance granted Miller the statutory maximum of $400,000.00 from the Patient Compensation Fund. On June 12, 1991, the Porter Superior Court ordered the administrator of the fund to authorize payment to Miller. Thus, Miller's aggregate award totaled $500,-000.00, the statutory maximum for any one alleged "injury or death" pursuant to the Medical Malpractice Act[1] (the "Act"). Thereafter, MHSB filed its motion for summary judgment, which the Starke Circuit Court granted on December 30, 1993. Miller now appeals.

■ The sole issue presented for review is whether the trial court erred in granting summary judgment in favor of MHSB. The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. This Court's standard of review is the same as that used by the trial court: whether there is a genuine issue of fact and whether the moving party is entitled to judgment as a matter of law. *State Bd. of Tax Com'rs v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied.* Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. Ind.Trial Rule 56(C).

Miller contends that there exists a genuine issue of material fact as to the presence of separate and distinct injuries suffered by Nicholas. He argues that the designated evidence in opposition to MHSB's motion for summary judgment, more specifically the affidavit of Douglas R. Shanklin, M.D., creates a factual dispute as to whether Nicholas suffered two separate and distinct injuries—a prenatal injury caused by Dr. Schiller and a second postnatal injury caused by MHSB. Further, he asserts that the Act, while precluding double recovery for two acts of malpractice resulting in one injury, does not preclude two recoveries for two separate and distinct injuries caused by two separate acts of medical malpractice. MHSB counters that Miller is entitled to only one recovery for which he has already received the statutory maximum recovery amount under the Act.

■ IND.CODE § 16–9.5–2–2 (1989 Supp.) provides:

"(a) The total amount recoverable for any injury or death of a patient may not exceed five hundred thousand dollars ($500,000) except, that as to an act of malpractice that occurs on or after January 1, 1990, the total amount recovered for any injury or death may not exceed seven hundred fifty thousand dollars ($750,000).

(b) A health care provider qualified under this article is not liable for an amount in excess of one hundred thousand dollars ($100,000) for an occurrence of malpractice."

This section places a $500,000.00 limitation on a plaintiff's recovery for each "injury or death" caused by a health care provider's negligence. *St. Anthony Medical Center v. Smith* (1992), Ind.App., 592 N.E.2d 732, 739, *trans. denied; Bova v. Roig* (1992), Ind.App., 604 N.E.2d 1, 2–3. Thus, a plaintiff may recover only once no matter how many acts of negligence may have contributed to his injury. *See Bova,* 604 N.E.2d at 3.

■ Here, MHSB filed its motion for summary judgment contending that Miller was precluded from further recovery, having received the statutory maximum under the Act. In opposition to MHSB's motion, Miller designated the affidavit of Douglas R. Shanklin,

---

1. Formerly IND.CODE 16–9.5–1–1 *et seq.,* now IND.CODE § 27–12–1–1 (1993 Ed.) *et seq.*

M.D. Dr. Shanklin's affidavit states that MHSB[1] negligently caused a postnatal injury which was a separate and distinct injury from the injury allegedly cause by Dr. Schiller during the prenatal period. Despite the questions which may arise as to whose acts were attributable to the severity of Nicholas' injury, as a matter of law Miller suffered only one injury. The fact that more than one act of malpractice may have combined and contributed to his injury, is of no effect. The Act, which places a $500,000.00 cap on recoveries, applies to each injury and not to each act of malpractice. Dr. Shanklin's attempt to distinguish the alleged acts of malpractice—prenatal and postnatal—is to no avail. Miller may recover only up to the $500,000.00 statutory cap for his brain injury. *See Bova*, 604 N.E.2d at 2–3 (recovery limited to Act's $500,000.00 statutory maximum despite plaintiff's claim that two separate acts of malpractice, one act of malpractice occurring during the surgery and one act during postoperative care, combined to cause his blindness). The judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.