Nicholas Drew **MILLER**, a Minor by his next of friends and parents, Michael **MILLER** and Gail Miller, and Michael Miller and Gail Miller, individually, Appellants (Plaintiffs Below),

v.

**MEMORIAL HOSPITAL OF SOUTH BEND, INC., Appellee (Defendant Below).**

No. 75S03–9507–CV–803.

Supreme Court of Indiana.

May 28, 1997.

Barry D. Rooth, Theodoros, Theodoros & Rooth, P.C., Merrillville, Steve Langer, Langer & Langer, Valparaiso, for Appellants.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for Appellee.

Terry Pehler, Caplin Pehler Park & Tousley, Indianapolis, Amicus Curiae Indiana Trial Lawyers Association.

## ON PETITION TO TRANSFER

DICKSON, Justice.

This appeal from the grant of summary judgment focuses primarily upon whether a plaintiffs' complaint sufficiently articulated two separate injuries so as to avoid certain limitations imposed by the Indiana Medical Malpractice Act. The plaintiffs, Nicholas Miller and his parents, Gail and Michael Miller, brought this medical malpractice suit alleging that Nicholas, born June 7, 1982, suffered injuries due to the conduct of Dr. Herbert Schiller and of defendant-appellee Memorial Hospital of South Bend, Inc. After the plaintiffs settled their claims against Dr. Schiller, the trial court granted summary judgment in favor of Memorial Hospital, and the Court of Appeals affirmed, finding that the child suffered only one injury and was therefore precluded from further recovery. *Miller v. Memorial Hosp. of South Bend*, 645 N.E.2d 631, 634 (Ind.Ct.App.1994). We granted transfer.

When reviewing a grant of summary judgment, we use the same standard as the trial court: whether the pleadings and evidence demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Ambassador Fin. Servs. v. Indiana Nat'l Bank*, 605 N.E.2d 746, 750–51 (Ind.1992); Ind. Trial Rule 56(C). We construe the pleadings, affidavits, and designated materials in a light most favorable to the non-movant, *Heck v. Robey*, 659 N.E.2d 498, 500–01 (Ind.1995), and give careful scrutiny to assure that the losing party is not improperly prevented from having its day in court. *Landmark Health Care Assoc. L.P. v. Bradbury*, 671 N.E.2d 113, 116 (Ind.1996).

As required by the Indiana Medical Malpractice Act, Indiana Code Section 16–9.5–9–2 (*repealed and replaced* in 1993 by Indiana Code Section 27–12–8–4 (1993)), the plaintiffs, prior to bringing this action, presented their proposed complaint to a medical review panel and obtained an opinion from the panel. Virtually identical language was used in both the proposed complaint and the subsequently filed complaint upon which this action is based. Counts I and II seek judgment against Memorial Hospital for negligence and breach of contract "on and after June 7, 1982" when Nicholas was treated as a patient at the hospital. Record at 12–15, 90–94. Counts III and IV seek judgment against Dr. Schiller for conduct allegedly constituting negligence and breach of contract "on or about June 1, 1982." Record at 16–19, 95–99. After the law suit had been pending approximately one year, the plaintiffs settled their claims against Dr. Schiller and received the $500,000 maximum recovery authorized by the Medical Malpractice Act. IND.CODE § 16–9.5–2–2. The action was then dismissed as to Dr. Schiller only, "to remain pending as to all other defendants." Record at 72.

Memorial Hospital thereafter sought summary judgment alleging that the Medical Malpractice Act prohibits the plaintiffs from any recovery beyond the statutory maximum recovery for any one injury, and that "the injuries allegedly sustained by Miller as a result of the actions of Dr. Schiller and/or the Hospital are identical." Record at 86. Responding to Memorial Hospital's summary judgment motion, the plaintiffs asserted that its claims against Memorial Hospital are only for the *postnatal* injuries caused by the hospital, which are separate and different than the *prenatal* injuries caused by Dr. Schiller. Plaintiffs submitted the affidavit of Douglas A. Shanklin, M.D., a physician and medical school professor specializing in neuropathology, which identified and distinguished two separate injuries. According to Dr. Shanklin, "prior to becoming a patient at defendant hospital, Nicholas suffered a prenatal injury caused by Dr. Schiller's failure to avoid and appropriately treat posttermism resulting in prenatal hypoxia which caused some cortical and subcortical gliosis." Record at 152. Dr. Shanklin faulted Memorial Hospital for "allowing Nicholas to continue with a zero blood glucose until well over an hour post-admission [resulting] in significant postnatal infarctions to Nicholas' occipital lobes and parietal brain." *Id.* Dr. Shanklin's affidavit states that "the postnatal injury caused by the hospital's breach of the appropriate standard of care is a different and separate injury from the prenatal injury caused by the obstetrician with different parts of the brain being effected by the prenatal hypotisic insult and the postnatal metabolic insult . . . making the injuries distinct in character. . . ." Record at 153.

In reply, Memorial Hospital argued that the plaintiffs never raised the distinction between prenatal and postnatal injuries in their proposed complaint, the submission to the medical review panel, or in their subsequent complaint filed in court.

The trial court granted Memorial Hospital's Motion for Summary Judgment, stating in pertinent part:

> The defendant claims that Plaintiffs received their statutory maximum recovery permitted under the Indiana Medical Malpractice Act. The plaintiffs never raised in their proposed complaint before the Department of Insurance, their submission to the Medical Review Panel, or in their Complaint filed in this Court that they are distinguishing between pre-natal and post-natal injuries. The Plaintiffs now claim separate injuries and hence separate causes of action.
>
> The Court finds that there are no genuine issues of any material facts in dispute and that the law is with the Defendant. The Court further finds that the Plaintiffs have received their statutory maximum. Summary Judgment should be entered for the defendant Memorial Hospital of South Bend, Inc.

Record at 238–39.

On appeal, the plaintiffs contend that the materials before the court establish a genuine issue of material fact regarding the existence of postnatal injuries caused by Memorial Hospital as separate and distinct from prenatal injuries caused by Dr. Schiller, and that their complaint did not assert a single cause of action against both defendants for one set of injuries. Memorial Hospital argues that summary judgment was proper because, as a matter of law, the plaintiffs' proposed and final complaints state "but one cause of action, alleging one injury, for which he has been compensated to the maximum extent allowed by the Medical Malpractice Act." Brief of Appellee at 22. Memorial Hospital emphasizes that, in comparing the plaintiffs' allegations against Dr. Schiller with those against Memorial Hospital, the complaint uses identical language to describe the resulting injuries, alleging that Nicholas "has suffered and will continue to suffer permanent injuries and great permanent mental and physical pain and suffering." Record at 13, 16.

■ The Medical Malpractice Act's limitations apply to "any injury or death of a patient" and "for an occurrence of malpractice." IND.CODE § 16–9.5–2–2(a) and (b). It authorizes only one recovery in those cases where a single injury exists, irrespective of the number of acts causing the injury. *See Bova v. Roig,* 604 N.E.2d 1 (Ind.Ct.App. 1992); *St. Anthony Med. Center v. Smith,*

592 N.E.2d 732 (Ind.Ct.App.1992). Conversely, there is no dispute that, if there are two separate and distinct injuries caused by two separate occurrences of malpractice, the statute does not preclude two separate recoveries (each separately limited in accordance with the Act).

■ The principles of notice pleading are utilized in Indiana. Our rules require that "all pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Ind.Trial Rule 8(F). Specifically, Indiana Trial Rule 8(A) requires only "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for the relief to which the pleader deems entitled...." This rule "is designed to discourage battles over mere form of statement and to sweep away needless controversies that have occurred either to delay trial on the merits or to prevent a party from having a trial because of mistakes in statement." 1 WILLIAM F. HARVEY, INDIANA PRACTICE, Rule 8(a) (2d ed. 1987). Our notice pleading rules do not require that the complaint state all the elements of a cause of action. *State v. Rankin,* 260 Ind. 228, 231, 294 N.E.2d 604, 606 (Ind.1973). A plaintiff "essentially need only plead the operative facts involved in the litigation." *Id.* at 231, 294 N.E.2d at 606.

■ In accordance with the principles of notice pleading, the plaintiffs' complaints are sufficient to present claims for separate acts of malpractice by Dr. Schiller (prenatal injury) and Memorial Hospital (postnatal injury). The complaints utilize separate counts to assert their claims against the two defendants and specify differing dates for each defendant's alleged acts of malpractice. We decline to interpret plaintiffs' general injury allegations as limiting their contentions to a claim that Nicholas suffered a single injury from the conduct of both defendants. We also find that the plaintiffs, in their response to Memorial Hospital's Motion for Summary Judgment, clearly establish that they are asserting a malpractice claim against Memorial Hospital that is separate and distinct from their claim against Dr. Schiller.

■ We decline to accept Memorial Hospital's argument that the plaintiffs' action is restricted by the substance of the submissions presented to the medical review panel. Pursuant to the statute, the panel was authorized to review the medical records and other submitted material pertaining to each defendant's treatment of Nicholas. *See* IND.CODE § 16–9.5–9–4 (*repealed and replaced* in 1993 by IND.CODE § 27–12–10–17). While a medical malpractice plaintiff must, as a prerequisite to filing suit, present the proposed complaint for review and expert opinion by a medical review panel, there is no requirement for such plaintiff to fully explicate and provide the particulars or legal contentions regarding the claim.

■ We find that a genuine material issue of fact exists regarding whether Nicholas Miller suffered separate injuries from two distinct alleged occurrences of medical malpractice. Memorial Hospital concedes that "there is a large dispute over whether there were separate, distinct, and different injuries." Brief of Appellee at 12. Thus, not only have the plaintiffs presented an independent claim of alleged malpractice against Memorial Hospital, but there is also a sufficient issue of material fact regarding the claim to preclude summary judgment in favor of Memorial Hospital. The plaintiffs' settlement of their claim against Dr. Schiller does not prevent the assertion of the plaintiffs' action against Memorial Hospital. This result derives in significant part from the rare factual circumstances of this case, where it is possible to identify separate acts of prenatal and postnatal injuries resulting from separate alleged acts of negligence. We do not intend our decision today to lead to any significant increase in the bifurcation of medical malpractice claims.

Having previously granted the plaintiffs-appellants' petition to transfer, this Court reverses the trial court's grant of summary judgment against the plaintiffs. This cause is remanded for further proceedings.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.