RUCKER, Justice,
dissenting.
I respectfully dissent. The law is settled that a complaint may not be dismissed under Ind. Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. King v. S.B., 837 NE.2d 965, 966 (Ind.2005); City of New Haven v. Reichhart, 748 N.E.2d 374, 377 (Ind.2001); Martin v. Shea, 463 N.E.2d 1092, 1093(Ind.1984). In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in a light most favorable to the nonmoving party and with every reasonable inference in his favor. King, 837 N.E.2d at 966. The trial court may only look to the complaint, and well-pleaded material must be taken as admitted.
Ind. Trial Rule 8(A) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" Under such notice pleading, a complainant is only required to plead the operative facts involved in the litigation. The rules of notice pleading do not require that the complaint recite in detail all the facts upon which the claim is based. Obremski v. Henderson, 497 N.E.2d 909, 910 (Ind.1986). Accordingly, a complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have granted relief. Miller v. Memorial Hosp. of South Bend, 679 N.E.2d 1329, 1332 (Ind.1997) McQueen v. Fayette County Sch. Corp., 711 N.E2d 62, 65 (Ind.Ct.App.1999). More specifically, "the plaintiff is required to provide a clean and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue." McQueen, T1l N.E.2d at 65. Indeed we view "motions to dismiss for failure to state a claim with disfavor because such motions undermine the policy of deciding causes of action on their merits." Id.
To establish a claim of defamation, a plaintiff must prove the following: (1) a communication with defamatory imputation, (2) malice, (8) publication, and (4) damages. Schrader v. Eli Lilly & Co., 639 N.E.2d 258, 261 (Ind.1994). In this case, the "communication" was the contents of the consultant's report. In my view the Trails complaint alleged the operative facts relating to each element of a defamation claim: (1) a communication with defamatory imputation: "[the Defendants have released to a few individuals the alleged contents of part of the report highly negative about [Eddie};" (2) malice: "[the *142 actions of the individual Defendants were intentional and malicious;" (8) publication: "[the Defendants have released to a few individuals the alleged contents of part of the report highly negative about [Eddie];" and (4) damages: "[Eddie] has suffered ... loss of earnings ... from the Defendants' actions." Appellants' App. at 19-20. It bears repeating that under notice pleading a party is only required to plead the operative facts involved in the litigation. Here, although perhaps unartfully pleaded, the complaint is sufficient to defeat an Ind. Trial Rule 12(B)(6) motion to dismiss. And this is especially so considering that in this pre-discovery phase of litigation, the report has not yet been made available to the Trails. The defendants should not be allowed on the one hand to withhold the report, which apparently would reveal the specific contents of the allegedly defamatory statements, and on the other hand complain in effect that it has no "notice as to what has taken place and the theory that the plaintiff{s] plan to pursue." McQueen, 711 N.E.2d at 65.
As for the Trails tortious interference claim, I disagree with the majority sua sponte declaring, "the trial court should have granted summary judgment on this claim in accordance with Trial Rule 12(B)." Slip op. at 12. Unlike a motion to dismiss for failure to state a claim upon which relief can be granted which tests the legal sufficiency of a claim and not the facts supporting it, the purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. Bushong v. Williamson, 790 N.E.2d 467, 474 (Ind.2003). Ind. Trial Rule 12(B) provides:
If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
(Emphasis added).
The record shows that in a reply in support of their earlier filed T.R. 12(B)(6) motion to dismiss, the defendants filed as an exhibit the affidavit of one of the members of the Executive Committee attached to which were the articles of incorporation and the constitution and by-laws of the Boys and Girls Club. Appellants' App. at 5, 21-41. At the hearing on defendants' motion to dismiss, the Trails acknowledged that the documents were "attached to the response-to the reply" but specifically urged "we object to this being transformed into a motion for summary judgment by attaching this to the reply or by any other means." Tr. at 18. It is true that the trial court did not enter an express order excluding these "matters outside the pleading." But it is equally true the trial court did not consider them in ruling on the defendants' motion to dismiss. The record is clear that in its six page order granting the motion, the trial court made no reference whatsoever to the defendants' exhibit. See Appellants' App. at 10-15. Instead, the trial court relied exclusively on the allegations in the Trails complaint. Id. This is particularly significant because, among other things, had the trial court decided to rely on these materials and thus transform the motion to dismiss to a motion for summary judgment, then the Trails would have been "given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." TR. 12(B). Pending before the trial court at the time of the motion to dismiss was defendants' motion for protective order, *143 see Appellant's App. at 5; Tr. at 2, 24, which was apparently filed in response to the Trails' discovery requests. The trial court deferred ruling on the motion for protective order until after he had ruled on the motion to dismiss. Tr. at 2, 24. It would have been error for the trial court to have considered matters outside the pleadings offered by the defendants, not afford the Trails an opportunity to conduct discovery thereby possibly refuting the allegations contained in these external documents, and then grant summary judgment in defendants' favor. It is apparent to me that the trial court ruled solely on the basis of the pleadings. Reviewing this claim under a summary judgment standard of review is inconsistent with the record. It also places the Trails in an untenable position, which leads to my next point.
Relying on selected portions of the documents, namely: "[the Executive Committee shall be vested with the powers of the Board of Directors when the same is not in session" and "[o]n June 5, 2002, the Executive Committee unanimously voted to ask Eddie Trail to resign as Executive Director of the Boys & Girls Clubs," the majority concludes they "contradict both [Eddie's] assertion that the power to terminate him rested solely in the hands of the Board of Directors, and his claim that the defendants in some way terminated him without action by Executive Committee as a whole." Slip op. at 12. There are at least two problems with the majority's conclusion. One, by the express terms of the Clubs' constitution, the Executive Committee is vested with the powers of the Board of Directors "when the same is not in session." There was nothing before the trial court and thus nothing before this Court declaring whether the Board was in session at the time of Eddie's termination. The defendants make no claim one way or the other. And absent discovery the Trails apparently are unable to say. Two, the affidavit of one of the Executive Committee members is the source of the claim that the Committee "unanimously" voted to terminate Eddie. This assertion however could very well be challenged if the Trails were afforded an opportunity to present their own Rule 56 materials and provided they were given the opportunity to conduct discovery.
It is of course true that basic corporations law affords directors in their official capacity the authority to investigate and evaluate their employees. See Slip op. at 11. We have held for instance that, "[al corporate officer is not lable for inducing the corporation's breach of its contract if the officer acts within the scope of his official duties on behalf of the corporation and not as an individual for his own advantage." Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1234 n. 7 (Ind.1994). The Trails' complaint alleged that certain individual board members were not acting in an official capacity in investigating and evaluating Eddie, but rather were acting outside the seope of their official duties and for their own advantage. According to the complaint, certain individual board members contrived a study that was critical of Eddie to "discredit [him] and justify his termination." Appellants' App. at 18. The Trails alleged that those board members "structured the actual reporting so that only the four of them and select individuals, chosen solely by them, would be interviewed for the study to be performed by a consultant" and that Eddie has been denied access to the report in violation of the defendants' standard protocol and procedures. Id. The complaint also alleged that the actions of those board members were "intentional and malicious" and that Eddie has been damaged as a result of their actions. Id. at 20. In sum, the Trails alleged that certain individual board *144 members intentionally induced a breach of Eddie's at will employment, that they acted maliciously and without justification, and that Eddie has suffered damages as a result. Further, the complaint alleged that these same board members were acting outside the scope of their official duties, namely: they were unhappy, for personal reasons, about Eddie's retention as Executive Director. I agree with the Court of Appeals that these allegations are sufficient to put these individual defendants on notice of the Trails' tortious interference claim.
To be sure the bare allegations in the Trails' complaint would likely not withstand a motion for summary judgment under Ind. Trial Rule 56. But this litigation is only in the pleading stages and discovery has not yet been conducted. Therefore, I would reverse the trial court's dismissal of the Trails defamation claim as well as the tortious interference claim against the individual board members and remand this case for further proceedings.
DICKSON, J., concurs.