**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Apr 30 2013, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RONALD W. FRAZIER**
Frazier Law Firm
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**THOMAS E. WHEELER**
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DONNA CHAPMAN and LORA HOAGLAND,[1]   ) | |
| ) | |
| Appellant-Plaintiff,   ) | |
| ) | |
| vs.   ) | No. 49A05-1209-PL-478 |
| ) | |
| CENTRAL INDIANA EDUCATIONAL   ) | |
| SERVICE CENTER and FRANKLIN TOWNSHIP) | |
| COMMUNITY SCHOOL CORPORATION,   ) | |
| ) | |
| Appellee-Defendant.   ) | |

INTERLOCUTORY APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1111-PL-42082

**April 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] We note that Lora Hoagland ("Hoagland") was a plaintiff below and that Franklin Township Community School Corporation ("FTCSC") was a defendant below. FTCSC was not a part of the dismissal order issued by the trial court and did not file an appellate brief with this court; although Hoagland's complaint against CIESC was dismissed by the trial court, she did not file an appellate brief. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

Donna Chapman ("Chapman") interlocutorily appeals the trial court's order dismissing her claim against Central Indiana Educational Service Center ("CIESC") and raises the following restated issue for our review: whether the trial court erred when it dismissed her complaint against CIESC for failure to state a claim.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

Franklin Township Community School Corporation ("FTCSC") is a public school corporation organized and existing under the laws of the State of Indiana and serving approximately 8,000 students in southeastern Marion County, Indiana. Chapman resides in Franklin Township, and her son attended Franklin Township Middle School East during the 2011-2012 school year. Prior to the 2011-2012 school year, Chapman's son rode the bus to and from school each day.

In 2010, faced with a large budget deficit, the FTSCS School Board voted to discontinue bus service for most of the students in the township's public schools. Beginning in the 2011-2012 school year, bus service was offered by a private vendor, CIESC. Chapman and other Franklin Township parents were given the option of making their own arrangements for transportation or utilizing the services of CIESC. Parents who chose to have CIESC transport their children were asked to sign a contract and pay a non-refundable registration fee of $20 per student to apply for bus transportation. Families who used the CIESC bus service had to pay an annual fee of $475 for the first child and $405 for each additional child. Chapman signed a contract with CIESC and paid the fees to have her son ride a bus operated by CIESC.

2

On November 1, 2011, Chapman "on behalf of herself and all others similarly situated" filed an initial complaint against FTCSC, alleging it violated its constitutional duties when it ceased providing bus transportation to the students attending its schools. On December 8, 2011, Chapman filed an amended complaint, adding CIESC as defendant and seeking declaratory judgment that the CIESC contract was void and unenforceable. CIESC filed a motion to dismiss Chapman's complaint pursuant to Indiana Trial Rule 12(B)(6) failure to state a claim upon which relief can be granted. On April 24, 2012, the trial court granted CIESC's motion to dismiss as to Chapman for all claims, "with the exception of claims for a refund of prepaid monies for services not provided." *Appellant's App*. at 104. Chapman now appeals.

## DISCUSSION AND DECISION

Chapman argues that the trial court erred when it dismissed her claims against CIESC for failure to state a claim. The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim under Indiana Trial Rule 12(B)(6) is de novo. *Gordon v. Purdue Univ.*, 862 N.E.2d 1244, 1250 (Ind. Ct. App. 2007). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. *Id.* "A motion to dismiss under [Trial] Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006). "Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to

3

whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Id.* "A court should 'accept[ ] as true the facts alleged in the complaint,' and should not only 'consider the pleadings in the light most favorable to the plaintiff,' but also 'draw every reasonable inference in favor of [the non-moving] party.'" *Id.* (internal citations omitted).

Indiana Trial Rule 8(A), this state's notice pleading provision, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the plaintiff need not set out in precise detail the facts upon which the claim is based, she must still plead the operative facts necessary to set forth an actionable claim. *Trail*, 845 N.E.2d at 135 (citing *Miller v. Mem'l Hosp. of South Bend, Inc.,* 679 N.E.2d 1329, 1332 (Ind. 1997)). Under notice pleading, we review the granting of a motion to dismiss for failure to state a claim under a stringent standard, and affirm the trial court's grant of the motion only when it is "apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances." *McQueen v. Fayette Cnty. Sch. Corp.,* 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*.

Here, Chapman alleged in her complaint that "the CIESC contract is an unenforceable adhesion contract, that it is illegal, that it unlawfully purports to limit parents' remedy and is void as against public policy." *Appellant's App*. at 12. Chapman does not further allege why the CIESC contract is an adhesion contract, why it is illegal, why it unlawfully limited parents' remedy, or how it is void against public policy. Chapman entered into a contract with CIESC, under which CIESC, a private vendor, was to transport her child to school in exchange for a fee paid by Chapman. Chapman paid

4

the fee and received bus services from CIESC for the 2011-2012 school year, and that contract between the parties is now completed.

The facts alleged in Chapman's complaint are incapable of supporting relief as to CIESC under any set of circumstances. It is, therefore, legally insufficient. The trial court did not err in dismissing Chapman's complaint against CIESC.

Affirmed.

ROBB, C.J., and PYLE, J., concur.