ATTORNEYS FOR APPELLANT
Michael E. O'Neill
Nathan D. Hansen
O'Neill McFadden & Willett LLP
Schererville, Indiana

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA
Donald B. Kite, Sr.
Wuertz Law Office, LLC
Indianapolis, Indiana

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR AMICUS CURIAE
STEPHEN W. ROBERTSON, COMMISSIONER
OF THE INDIANA DEPARTMENT OF INSURANCE
AND ADMINISTRATOR OF THE INDIANA
PATIENT'S COMPENSATION FUND
Matthew W. Conner
Bryan H. Babb
Bose McKinney & Evans LLP
Indianapolis, Indiana

Wade D. Fulford
Indiana Department of Insurance
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
James H. Young
Young & Young
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS ASSOCIATION
Jerry Garau
Garau Germano, P.C.
Indianapolis, Indiana



FILED

Apr 07 2017, 3:20 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 53S05-1704-CT-202

CHARLES MCKEEN, M.D.,

*Appellant (Defendant below)*,

v.

BILLY TURNER,

*Appellee (Plaintiff below)*.

Appeal from the Monroe Circuit Court, No. 53C06-1201-CT-000088
The Honorable Frances G. Hill, Judge

_____

**April 7, 2017**

**Per Curiam.**

Billy Turner filed a proposed malpractice complaint with the Indiana Department of Insurance pursuant to the Medical Malpractice Act, alleging Doctor Charles McKeen's medical and surgical treatment of Turner's wife, Rowena, failed to meet the appropriate standard of care. In addition to the complaint, Turner's submission to the Medical Review Panel ("MRP") included Rowena's medical records and a narrative statement describing the records and alleging the delay in exploratory surgery following Rowena's readmission to the hospital resulted in her death. (Appellant's App. pp. 74, 86.) The MRP issued a unanimous opinion finding the evidence did not support a conclusion that Dr. McKeen had failed to meet the applicable standard of care.

Turner then filed a complaint in court. After extensive discovery, Turner filed a supplemental witness list naming an expert hematologist who was expected to testify that Dr. McKeen had failed to prescribe the appropriate dosage of anticoagulation medication, leading to Rowena's death. Dr. McKeen filed a motion to strike the hematologist's opinion on grounds Turner's submission to the MRP did not allege malpractice relating to the anticoagulation medication, and so Turner could not pursue the claim in court. The trial court denied Dr. McKeen's motion, and this interlocutory appeal followed.

Before a plaintiff may pursue a malpractice complaint in court against a qualified healthcare provider, the Medical Malpractice Act requires the plaintiff to present a proposed complaint to a MRP, and the MRP must give its opinion as to whether the provider breached the

standard of care.[1]  *See* Ind. Code § 34-18-8-4.  Dr. McKeen contends Turner is attempting to raise a new claim in the trial court that he did not present to the MRP, in violation of the statute.

The Court of Appeals disagreed in an opinion authored by Judge Baker, holding "a plaintiff may raise any theories of alleged malpractice during litigation following the MRP process if (1) the proposed complaint encompasses the theories, and (2) the evidence relating to those theories was before the MRP." McKeen v. Turner, 61 N.E.3d 1251, 1262 (Ind. Ct. App. 2016).  The Court of Appeals concluded Turner met these requirements and may pursue in court his claim related to the anticoagulation medication.

We agree with the Court of Appeals, finding its opinion consistent with Miller v. Memorial Hospital of South Bend, Inc., 679 N.E.2d 1329 (Ind. 1997).  We thus grant transfer and adopt and incorporate by reference the Court of Appeals opinion.  *See* Ind. Appellate Rule 58(A)(1).  We further find K.D. v. Chambers, 951 N.E.2 855 (Ind. Ct. App. 2011), is at odds with Miller on the issue we address today and expressly disapprove K.D.


All Justices concur.

---

[1] None of the limited exceptions to this general rule apply here.