

FILED

Oct 08 2020, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Brett T. Clayton
Katherine M. Haire
Reminger Co., LPA
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Christopher Gambill
Katherine Gambill
Wagner, Crawford & Gambill
Terre Haute, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS
ASSOCIATION

Jerry Garau
Garau Germano, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anonymous Hospital, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Mason Spencer, <br> *Appellee-Respondent,* <br><br> and <br><br> Steve Robertson, Commissioner of The Indiana Department of Insurance, and Doug Hill, Medical Review Panel Chair, | October 8, 2020 <br><br> Court of Appeals Case No. 20A-CT-393 <br><br> Interlocutory Appeal from the Vigo Superior Court <br><br> The Honorable Lakshmi Reddy, Judge <br><br> Trial Court Cause No. 84D02-1907-CT-5142 |

*Third Party Respondents.*

**Crone, Judge.**

# Case Summary

The medical review panel (MRP) stage of a medical malpractice proceeding is an informal process that parties must participate in within the medical malpractice framework. The narrow single issue presented in this interlocutory appeal is whether a vicarious liability theory of recovery against a hospital is preserved at this informal stage of the proceedings regarding conduct of physicians not named in the proposed medical malpractice complaint and for which the statute of limitations has now run to add them as parties. Mason Spencer spent twenty-five days in Anonymous Hospital (the Hospital) undergoing multiple procedures and being cared for and treated by numerous individuals, including physicians. He later filed a proposed medical malpractice complaint alleging that he suffered injuries and damages as a result of negligence and malpractice on the part of the Hospital. When, more than a year later, Spencer tendered his MRP submission that included assertions of

vicarious liability for the physicians that treated him, the Hospital requested a preliminary determination of law or definitive ruling from the trial court. Specifically, the Hospital requested that the court strike the allegations of vicarious liability, and except the conduct of any physicians from the MRP's review because no physicians are named in the proposed complaint, nor were they identified during initial discovery, and the statute of limitations has expired. The trial court reviewed Indiana case law and initially granted the Hospital's petition, concluding that Spencer was precluded from proceeding with his vicarious liability claims. However, the court later reversed course and granted Spencer's motion to reconsider, concluding that current Indiana law does not preclude those claims from proceeding at the MRP stage, and even thereafter under appropriate circumstances. We agree that the vicarious liability claims against the Hospital may be presented to and considered by the MRP, and therefore affirm the trial court's grant of Spencer's motion to reconsider.

## Facts and Procedural History

[2] Spencer is a mentally disabled young man who suffers from Pierre Robbins Syndrome, a congenital condition that results in a smaller than typical lower jaw, a tongue that falls back into the throat, and difficulty breathing. On May 21, 2016, then eighteen-year-old Spencer was brought to the emergency department of the Hospital by his parents with complaints of nausea, vomiting, and diarrhea. He was subsequently discharged and directed to follow up with his family doctor. On May 23, 2016, Spencer's family doctor directed him to

return to the Hospital's emergency department, where he was seen and diagnosed with community acquired pneumonia and thrombocytopenia (low blood platelet count). Spencer was later admitted to the Hospital's intensive care unit for respiratory insufficiency, and was intubated. Spencer's admission to the Hospital continued for twenty-five days and finally ended when he was transferred to Riley Children's Hospital for further care on June 15, 2016.

[3] During his stay at the Hospital, Spencer allegedly developed bed sores, skin deterioration, a dislocated jaw, and several other ailments. Spencer filed his proposed complaint against the Hospital with the commissioner of the Indiana Department of Insurance on October 3, 2017. The complaint alleged in pertinent part:

> 3. That [the Hospital] provided healthcare to [Spencer] on May 21, 2016, and thereafter.
>
> 4. That at all relevant times herein [the Hospital] held themselves out as being capable of making proper diagnosis and treatment of medical conditions and diseases and invited the public, including [Spencer], to engage their services for remuneration to be charged by them.
>
> 5. That as a direct and proximate result of the acts of negligence and malpractice on the part of [the Hospital], Spencer suffered damages and losses.

Appellant's App. Vol. 2 at 27. Written discovery ensued, and the parties thereafter agreed to and formed an MRP consisting of three Indiana healthcare providers. On July 2, 2019, Spencer timely tendered his evidentiary submission

to the MRP. The submission included allegations that the Hospital should be held vicariously liable for the negligent acts committed by the various physicians, as well as other hospital employees and/or agents, who treated Spencer during his hospitalization.

[4] On July 22, 2019, the Hospital invoked the jurisdiction of the trial court through a motion for preliminary determination of law or discovery sanctions. The Hospital sought a definitive ruling or discovery sanctions striking Spencer's vicarious liability claims involving physician negligence, for which the Hospital claimed it had no notice. Specifically, the Hospital complained that the statute of limitations had expired, so the unnamed physicians could not be added as parties.

[5] The trial court held oral argument on the Hospital's motion on September 30, 2019. Thereafter, the trial court issued its order granting the Hospital's motion. The trial court stated that it believed, based upon current Indiana case law, that Spencer's failure to name specific physicians in his proposed complaint and/or during initial discovery was fatal to any claims of vicarious liability on the Hospital's part, and therefore that he is prohibited from proceeding with these claims before the MRP. Accordingly, the trial court instructed in its order:

> The best remedy appears to be to order that the Medical Review Panel is only charged with reviewing the conduct of Hospital employees, agents, and representatives, except for physician conduct since no physicians were named in the proposed complaint and/or identified during discovery. This will require that Patient amend/modify its Submission or that the Medical Review Panel Chairman instruct the Panelists to limit their

review and analysis to Hospital employees and staff, except for any physicians.

Appellant's App. Vol. 2 at 149-50.

Spencer thereafter filed a motion to reconsider. On November 14, 2019, the trial court granted the motion to reconsider in light of its determination that, in its prior order, it had misinterpreted this Court's opinions in *Columbus Regional Hospital v. Amburgey*, 976 N.E.2d 709 (Ind. Ct. App. 2012), *trans. denied* (2013) and *Helms v. Rudicel*, 986 N.E.2d 302 (Ind. Ct. App. 2013), *trans. denied*. Accordingly, the trial court ruled that Spencer "may proceed with his arguments and allegations of physician negligence (even if those physicians were not named in the proposed Complaint) in his submission to be evaluated by the [MRP]." Appellant's App. Vol. 2 at 170.

[6] The Hospital filed a motion to certify the issue for interlocutory appeal. The trial court granted the motion for certification following oral argument, noting, "I think my last order is probably a correct recitation of the current law … [but] the best thing is [to] let an Appellate Court decide now." Tr. Vol. 2 at 56. This Court accepted jurisdiction on March 19, 2020, and this appeal ensued.

## Discussion and Decision

[7] Indiana's Medical Malpractice Act (the Act), enacted in 1975, dictates the statutory procedures for medical malpractice actions. *See* Ind. Code § 34-18-1-1 *et seq*. Pursuant to the Act, a party to a malpractice action may request the appropriate trial court to "preliminarily determine an…issue of law or fact."

Ind. Code § 34-18-11-1(a)(1). The trial court has jurisdiction to entertain a motion filed under this chapter only during that time after a proposed complaint is filed with the commissioner under this article but before the MRP gives the panel's written opinion under Indiana Code Section 34-18-10-22. Ind. Code § 34-18-11-1(c). A preliminary-determination proceeding is unique in nature but is inextricably linked to the larger medical malpractice case as a mechanism to decide threshold issues. *Ramsey v. Moore*, 959 N.E.2d 246, 253 (Ind. 2012).

[8] The Hospital contends that the trial court erred in denying its motion for preliminary determination and granting Spencer's motion to reconsider and determining that Spencer may proceed with his allegations of physician negligence/vicarious liability in his submission to be evaluated by the MRP, even if those physicians were not named in the proposed complaint or during initial discovery, and the statute of limitations has expired to join them to the case or add them as non-parties. Specifically, the Hospital argues that the trial court erred in interpreting Indiana case law which formed the basis for the court's decision. A trial court's interpretation of statutes and/or case law is a question of law to which this Court owes no deference. *Harlett v. St. Vincent Hosps. & Health Servs.*, 748 N.E.2d 921, 924 (Ind. Ct. App. 2001), *trans. denied*.

Accordingly, our appellate review of the trial court's determination here is de novo.[1]

[9] We begin by underscoring that this case is simply at the MRP stage. Before a plaintiff may pursue a malpractice complaint in court against a qualified healthcare provider, the Act requires the plaintiff to present a proposed complaint to an MRP, and the MRP must give its opinion as to whether the provider breached the standard of care. *See* Ind. Code § 34-18-8-4. Our supreme court has emphasized that the MRP process is intended to be "informal" and "limited." *Johnson v. St. Vincent Hosp.*, 273 Ind. 374, 390, 404 N.E.2d 585, 596 (1980), *overruled on other grounds by In re Stephens*, 867 N.E.2d 148 (Ind. 2007), *and abrogated on other grounds by Collins v. Day*, 644 N.E.2d 72 (Ind. 1994). Indeed, the *Johnson* court noted there is little likelihood that a plaintiff "will incorrectly estimate the steps that should be taken in procuring and presenting evidence and authorities to the panel, and should he do so there is little or no risk that he will be harmed thereby." *Id*. at 391, 404 N.E.2d at 596.

---

[1] Both parties suggest that our standard of review of the trial court's preliminary determination of law is abuse of discretion. However, in addition to being presented with a pure legal question regarding the interpretation of Indiana case law on appeal, we emphasize that, although the trial court heard arguments from the parties, the court acknowledged that it did "not have any actual evidence before it to make a decision." Appellant's App. Vol. 2 at 149. Our standard of review of a trial court's decision depends on whether the court "resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record." *Popovich v. Danielson*, 896 N.E.2d 1196, 1201 (Ind. Ct. App. 2008)*, trans. denied* (2009). Where, as here, the court neither conducted an evidentiary hearing nor resolved any disputed facts, our appellate review is de novo. *Id*. This is different from the grant or denial of a pretrial motion on evidentiary issues, an adjunct of the trial court's inherent power to admit and exclude evidence, the standard of review for which is abuse of discretion. *Butler ex rel. Estate of Butler v. Kokomo Rehab. Hosp., Inc.*, 744 N.E.2d 1041, 1046 (Ind. Ct. App. 2001)*, trans. denied*. Regardless, as we further discuss later, we would find no abuse of discretion in this case.

[10]     In *Griffith v. Jones*, 602 N.E.2d 107 (Ind. 1992), our supreme court reiterated the informal nature of the MRP process and further explained the trial court's very limited role when asked to make preliminary determinations at this stage:

> In view of the fact that the legislature clearly intended for the medical review panel to function in an informal manner in rendering its expert medical opinion, we believe that the legislature did not simultaneously intend to empower trial courts to dictate to the medical review panel concerning either the content of the panel's opinion or the manner in which the panel arrives at its opinion, or the matters that the panel may consider in arriving at its opinion. In other words, the grant of power to the trial court to preliminarily determine matters is to be narrowly construed.

*Id*. at 110.

[11]     This Court recently emphasized, and our supreme court agreed, that to treat the MRP process as something more than it is would wholly defeat its purposes:

> It is intended to be informal and limited; it is also intended to place little to no risk on the participants. If plaintiffs were required to present each and every possible theory of negligence to the MRP, and were bound by those allegations, then plaintiffs would be required to conduct full and complete discovery long before the litigation even began. This would create barriers of expense and time that would be insurmountable for most, if not all, potential plaintiffs, and the cost of the process would also be borne by the defendants. We do not believe that our Legislature intended such a result in creating the MRP process.

*McKeen v. Turner*, 61 N.E.3d 1251, 1261 (Ind. Ct. App. 2016), *opinion adopted and incorporated by reference in* 71 N.E.3d 833 (Ind. 2017).

[12]     Having clarified the informal nature of the MRP process, we now consider the general theory of liability asserted by Spencer in his proposed complaint. Specifically, Spencer alleged that the Hospital held itself out "as being capable of making proper diagnosis and treatment of medical conditions and diseases and invited the public, including [Spencer], to engage their services for remuneration to be charged by them" and that "as a direct and proximate result of the acts of negligence and malpractice on the part of [the Hospital], Spencer suffered damages and losses." Appellant's App. Vol. 2 at 28. Under our broad principles of notice pleading, *see Miller v. Mem'l Hosp. of S. Bend, Inc.*, 679 N.E.2d 1329, 1332 (Ind. 1997) (a plaintiff "essentially need only plead the operative facts involved in the litigation"), this allegation falls squarely within our supreme court's decision in *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142 (Ind. 1999), in which the court addressed vicarious liability of a hospital for the actions of individual physicians based upon the theory of apparent or ostensible agency. *Id*. at 147. The court in *Sword* observed, "In the area of hospital liability, there has been an ongoing movement by courts to use apparent or ostensible agency as a means by which to hold hospitals vicariously liable for the negligence of some independent contractor physicians." *Id*. at 150. Ultimately, the *Sword* court adopted the formulation of apparent or ostensible agency set forth in the Restatement (Second) of Torts Section 429, which provides:

> One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is

subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.

*Id*. at 149. The court held:

Under Section 429, as we read and construe it, a trier of fact must focus on the reasonableness of the patient's belief that the hospital or its employees were rendering health care. This ultimate determination is made by considering the totality of the circumstances, including the actions or inactions of the hospital, as well as any special knowledge the patient may have about the hospital's arrangements with its physicians. We conclude that a hospital will be deemed to have held itself out as the provider of care unless it gives notice to the patient that it is not the provider of care and that the care is provided by a physician who is an independent contractor and not subject to the control and supervision of the hospital. A hospital generally will be able to avoid liability by providing meaningful written notice to the patient, acknowledged at the time of admission. Under some circumstances, such as in the case of a medical emergency, however, written notice may not suffice if the patient had an inadequate opportunity to make an informed choice.

*Id*. at 152 (internal citations omitted). "[I]f the patient has no special knowledge regarding the arrangement the hospital has made with its physicians, and if there is no reason that the patient should have known of these employment relationships, then reliance is presumed." *Id*.

[13] Here, contrary to its repeated assertions, the Hospital was clearly on notice from the proposed complaint that Spencer was making allegations of vicarious liability, including physician negligence, as "proper diagnosis and treatment of

medical conditions and diseases" is performed only by or at the direction of individual physicians.[2] While none of the factfinding necessary to determine the agency relationship or lack thereof between the Hospital and the various physicians who treated Spencer has occurred at this juncture, the issue becomes whether Spencer's failure to individually name or identify those physicians prior to the running of the statute of limitations is fatal to his claim. Other panels of this Court have made it abundantly clear that it is not.

[14] In *Columbus Regional Hospital v. Amburgey*, 976 N.E.2d 709 (Ind. Ct. App. 2012), *trans. denied* (2013), a medical malpractice plaintiff sought to hold the defendant hospital liable for the acts of independent contractor physicians, arguing that the hospital failed to provide the plaintiff's decedent with the notice required by *Sword*. *Id*. at 711. The hospital argued that the plaintiff had failed to name the physicians individually in the proposed complaint and, because the statute of limitations had since run and extinguished any possible individual liability on the part of the independent contractor physicians, it likewise extinguished any possible vicarious liability on the part of the hospital. *Id*. at 713. The *Amburgey* court rejected this argument and instead was persuaded by the conclusions of

---

[2] The Hospital directs us to *Butler v. Kokomo Rehab. Hosp., Inc.,* 744 N.E.2d 1041 (Ind. Ct. App. 2001), in which a panel of this Court affirmed a trial court's grant of a hospital's motion for preliminary ruling foreclosing any claim against the hospital based upon the alleged negligence of an individual physician because the hospital argued that it did not have sufficient notice, based upon the proposed complaint, of any apparent agency claim. *Butler* is factually distinguishable and unpersuasive. Indeed, in agreeing with the trial court that the hospital was not on notice of any vicarious liability claim, we emphasized that the *Butler* plaintiffs had not only narrowed their claim against the hospital in an amended complaint, the plaintiffs had in fact, entered into a settlement agreement with the physician and specifically withdrew any claim against the hospital with regard to that physician. *Id*. at 1047.

some of our sister states in determining that the running of a statute of limitations with respect to a physician or physicians does not preclude a complaint against a hospital on a theory of vicarious liability and apparent authority. *Id*. at 716. In *Helms v. Rudicel*, 986 N.E.2d 302 (Ind. Ct. App. 2013)*, trans. denied*, we relied on *Amburgey* and similarly concluded that an employer could be held vicariously liable for medical malpractice even though the statute of limitations barred suit against the employee. Specifically, the *Helms* court held that a healthcare facility could be "vicariously liable for the acts of its apparent agents even if the agents are individually immune from suit." *Id*. at 312.

[15] In this case, we agree with the trial court that, based upon these rulings, Spencer's failure to name or identify any physicians individually prior to the running of the statute of limitations is not fatal to his vicarious liability claims against the Hospital. In other words, Spencer may proceed with his arguments and allegations of physician negligence/vicarious liability in his submission to the MRP even though those physicians are not named in the proposed complaint and are now individually immune from suit.

[16] We note that we are concerned, as is counsel for amicus curiae, the Indiana Trial Lawyers Association, by the Hospital's attempt to so severely, and we think unjustifiably, limit Spencer's claims against it *before* the case has even been

presented to the MRP.[3]  The Hospital waxes poetic about being prejudicially misled by what it characterizes as a "threadbare" proposed complaint and "bait-and-switch" initial discovery responses.  Reply Br. at 6, 8.[4]  We remind the Hospital that, in the words of Karen Carpenter, "We've only just begun."[5] The Hospital has yet to even craft its own submission to the MRP, and it has ample notice and opportunity to respond to all alleged instances of negligence, physician or otherwise, presented by Spencer in his submission.[6]  Thereafter, there is still much to be sorted out if and when this case finds its way to a courtroom.  Indeed, at trial, it is well settled that Spencer can proceed with "any theories of alleged malpractice during litigation" so long as "(1) the proposed complaint encompasses the theories, and (2) the evidence relating to those theories was before the MRP." *McKeen*, 71 N.E.3d at 834 (quoting *McKeen*, 61 N.E.3d at 1262).  This would include any claims of negligence,

---

[3] Because the Act is in derogation of the common law, it must be strictly construed against limitations on a claimant's right to bring suit.  *Preferred Prof'l Ins. Co. v. West*, 23 N.E.3d 716, 726-27 (Ind. Ct. App. 2014), *trans. denied*.

[4] Among its claims of prejudice, the Hospital asserts that it has been deprived of the ability "to assert a non-party defense against" the unnamed physicians.  Appellant's Br. at 19.  However, the Indiana Comparative Fault Act, which replaced the common law defense of contributory negligence with a system for providing for the reduction of a plaintiff's recovery in proportion to the plaintiff's fault, "expressly exempted medical malpractice claims from its ambit[.]" *Indiana Dept. of Ins. v. Everhart*, 960 N.E.2d 129, 138 (Ind. 2012); *see Palmer v. Comprehensive Neurologic Services, P.C.*, 864 N.E.2d 1093, 1099-1100 (Ind. Ct. App. 2007), *trans. denied*.  Accordingly, the non-party defense created by the Comparative Fault Act, is unavailable in medical malpractice cases.  *Wilson v. Lawless*, 64 N.E.3d 838, 846 (Ind. Ct. App. 2016), *trans. denied* (2017).  The Hospital has not been deprived of something it never had in the first place.

[5] CARPENTERS, CLOSE TO YOU (A&M Records 1970).

[6] We note that the Hospital has in its possession the identity of each individual, including each physician, who attended to Spencer while he was a patient at the Hospital, as well as a record of the care provided.

raised or not raised to the MRP, that meet these two requirements. These are considerations for the trial court at a later date.

[17] In sum, the trial court properly determined that Spencer is not barred from proceeding with his arguments and allegations of vicarious liability/physician negligence in his submission to be evaluated by the MRP.[7] The trial court's order denying the Hospital's motion for preliminary determination of law and granting Spencer's motion to reconsider is affirmed.

[18] Affirmed.

Robb, J., and Brown, J., concur.

---

[7] To the extent that the Hospital suggests that the question is not whether Spencer *is* precluded from presenting vicarious liability claims to the MRP, but whether he *should be* precluded from doing so as a discovery sanction, we note that the trial court specifically determined that such a sanction was unwarranted under the circumstances. Appellant's App. Vol. 2 at 170. We presume that in determining appropriate discovery sanctions, a trial court will "act in accord with what is fair and equitable in each case," and thus we will reverse a decision only if it "is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Wright v. Miller*, 989 N.E.2d 324, 330 (Ind. 2013). "The conduct and equities will vary with each case, and we thus generally leave that determination to the sound discretion of the trial courts." *Id*. We find no abuse of discretion here.